**In re Michael FLOYD, Carol Floyd, Debtors.**

**Michael Floyd, Carol Floyd, Movants,**

**v.**

**Travelers Property Casualty Company, Respondent.**

**No. 02–47379–172.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

April 14, 2004.

David R. Fondren, Ellinger & Taylor, PC, O'Fallon, MO, for Debtors.

Robert J. Blackwell, Blackwell & Associates, P.C., O'Fallon, MO, trustee.

Richard P. Dorsey, III, Ahlheim and Dorsey, LLC, St. Charles, MO, for Traveler's.

### ORDER

JAMES J. BARTA, Chief Judge.

The hearing on the Debtors' motion to set aside a pre-petition judicial lien was commenced and concluded on April 7, 2004. The matter was taken under submission by the Court after certain determinations were announced from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On about November 9, 2001, Travelers Property Casualty Company ("Travelers") obtained a non-bankruptcy court judgment against Michael Floyd only. As of the date of filing this motion (September 22, 2004), the balance owed to Travelers was approximately $31,789.25.

On July 3, 2002, Michael and Carol Floyd ("Debtors") filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. On Schedule A–Real Property, the Debtors listed a "Fee title" interest in their residential real property as having a current market value of $93,000.00, subject to first and second deeds of trust. The property was described as being jointly held. Travelers was listed as the holder of an unsecured, nonpriority claim based upon a judgment to reimburse medical expenses. In the Statement of Affairs, the Debtors described a pending writ of execution that had been filed against their personal residence to collect the Traveler's judgment. As of the commencement of this case, the Debtors had knowledge of Traveler's claim of a judgment lien against the real property.

On September 4, 2002, the Office of the United States Trustee filed a motion to dismiss the Chapter 7 case pursuant to 11 U.S.C. § 707(b) arguing that the Debtors' Schedules indicated that monthly disposable income in the amount of $2,029.00 was available for repayment to creditors. On January 21, 2003, prior to a hearing on the United States Trustee's motion, the Debtors filed a motion to convert the case to a case under Chapter 13. A Chapter 13 Plan was not filed.

By an Order dated February 11, 2003, the case was re-converted to a case under Chapter 7 because the Debtors failed or refused to file Chapter 13 Schedules, a Chapter 13 Statement, and a Chapter 13 Plan. The re-converted case proceeded through the Chapter 7 meeting of creditors and the Trustee's Report of No Distribution. On June 2, 2003, an Order of Discharge was entered in the reconverted case. The case was closed in the Clerk's Office on June 26, 2003.

On September 22, 2003, the Debtors filed a motion to reopen the case and the motion to set aside and avoid the judgment lien held by Travelers that is being considered here. Notice of the motions was given to Counsel for Travelers after no objections were filed, the motion to reopen was granted on December 22, 2003. On February 13, 2004, Travelers filed a written response in opposition to the Debtors' motion to avoid the lien and the matter was tried to the Court on April 7, 2004.

The Debtors' testimony and evidence presented at trial on April 7, 2004, resulted in certain inconsistencies with the information provided by the Debtors in their Chapter 7 Schedules and Statements of Affairs filed on July 18, 2002.

As of the commencement of the Chapter 7 case on July 3, 2002, the title to the real property that is the Debtors' residence was in fact titled in the name of Michael Floyd, only, and not jointly with Carol Floyd as reported in the Schedules. The fair market value of this real property was listed in the Schedules as $93,000.00. It was disclosed at this trial that the County Tax Assessor's value of the home for the year 2001 was $93,000.00; that the assessed value for tax purposes is not the same as the fair market value; and that Carol Floyd was qualified to provide an opinion of value in this proceeding because she had previously held a real estate agent's license. Based on further testimony under direct and cross examination, including a description of certain needed repairs, the Court has determined that in fact, the fair market value of the real property as of the commencement of the case was greater than $93,000.00.

On about July 3, 2003, less than one month after the case was closed, the Debtors joined a class action lawsuit seeking compensation for faulty siding or other materials that had been applied to the exterior of their home. The condition had existed prior to July, 2003. Neither the

allegedly faulty condition of the siding, nor the claim for compensation was described in the Debtors' schedules.

The Debtors' testimony indicated further that approximately two months after the case was closed, Michael Floyd transferred the title to the Debtors' real estate from himself only to his wife, Carol Floyd only, by means of a quit claim deed. The Debtors refinanced the mortgage debt at about the same time.

Under Section 522(f)(1), a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, if such lien is a judicial lien that secures a debt other than a debt for maintenance, alimony or support. 11 U.S.C. § 522(f)(1). The following determinations appear from the record in the matter being considered here: the Debtors have been granted a discharge of their debts; the Bankruptcy estate interest in the Debtors' property has been abandoned; the Debtors' claims of exemptions (including those related to the Debtors' interest in the real property during the pendency of the case) have not been objected to and have been allowed; the Travelers' judicial lien secures a debt owed by Michael Floyd, only; Michael Floyd does not have an ownership interest in the Debtors' real property as a result of the post-bankruptcy transfer to Carol Floyd; the Debtors have failed to establish a credible fair market value for the real estate as of the commencement of this case; and Carol Floyd is not obligated on the Travelers' debt that is the pre-bankruptcy judgment against Michael Floyd.

It is probable that, had the information provided at this trial, been submitted at an earlier date, the Debtors' motion to reopen would have been denied. *See In re Tarkington,* 301 B.R. 502 (Bankr.E.D.Tenn. 2003).

The Court finds and concludes that in these circumstances, the Debtors have failed to show that the Travelers' judicial lien impairs any exemption to which the Debtors are entitled.

It appears from the oral argument and announcements presented at the trial of this matter that the Chapter 7 Trustee was made aware of the possibility that the Debtors' valuation of this real estate was less than its actual fair market value; and that after consideration of all the circumstances, the Trustee determined that no net value was available for the estate. It is also possible that changed circumstances after the commencement of the case may have influenced any post re-conversion proceedings under Section 707(b).

Any disputes that remain in this matter involve issues between the Debtors and Travelers. Essentially all of these issues involve non-bankruptcy law, and the ultimate disposition of any disputes will produce no value for the bankruptcy estate.

**IT IS ORDERED** that this matter is concluded; and that the Debtors' motion to avoid a judicial lien held by Travelers Property Casualty Company on real estate numbered as 213 Mondair, O'Fallon, Missouri is denied as moot; and that all other requests in this matter are denied.

**IT IS FURTHER ORDERED** that this reopened Bankruptcy case is again closed.